

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| STATE OF WASHINGTON, | ) | |
| | ) | No. 35722-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL CHARLES OWEN, JR., | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Michael Owen appeals his conviction for first degree child molestation, arguing that the evidence was insufficient. Because the State failed to prove the identity of the molester, we reverse.

FACTS

Mr. Owen initially was charged with a single count of first degree child rape of five-year-old S.C. after the child disclosed the abuse to a sister and, then, her mother. The young girl told her mother that "Christie's boyfriend Mike" had touched her. She described how the man put liquid on his finger and used the finger to rub the top of her vagina.

Pretrial hearings were held and defendant's statement to the arresting officer was found to be admissible, as was the child's interview with the investigating detective. The information later was amended to add a count of first degree child molestation. The matter then proceeded to jury trial.

The mother, A.C., was the first witness called at trial. She repeated the child's description of the abuse and identified "Christie" as her sister, the victim's aunt. A.C. was not asked to identify the man sitting at trial. She did testify that "Mike Owen" had briefly dated her sister. Report of Proceedings (RP) at 152. She recited some of her impressions of "Mike" and testified that S.C. would refer to him as "Christie's boyfriend Mike." RP at 153-154, 165.

S.C. took the stand twice at trial. She indicated that her aunt was Christie and that Christie's friend "Mike" was present on the day in question. RP at 220. She was never asked to identify the person in the courtroom. She eventually talked about the incident and described how she was touched by Mike. RP at 261-265.

Christie Templeman testified that she was the sister of A.C. and the aunt of S.C. She had dated Mike Owen. RP at 226. Although she described the scene and provided detailed information about the events of the date in question, she, too, was not asked to identify Mike Owen for the jury. The detective who interviewed S.C. took the stand and

2

set the foundation for the video recording of her interview with the child. She did not identify the defendant.[1]

The defense did not present evidence and argued the case to the jury by stressing the inconsistencies in the child's description of events in the initial disclosure, forensic interview, and testimony. Once the jury retired for deliberations, the defense promptly moved for a directed verdict on the basis that there had been no identification of Mr. Owen by any witness. The motion was denied.

The jury acquitted Mr. Owen of the rape charge, but convicted him of child molestation. Prior to sentencing, the defense moved to set aside the verdict on the basis that there was no identification at trial and provided transcripts of the testimony in support of the motion. The prosecutor agreed that there was no in-court identification, but argued that it was not necessary. She found circumstantial evidence of identification in testimony by S.C. and Ms. Templeman about the dating relationship between Owen and Templeman. She also emphasized Templeman's body language, pointing out that when Ms. Templeman took the stand, she turned her back on Mr. Owen and refused to look at him. RP at 403-405. The trial court's remarks were inaudible to the transcriber, but the judge again denied the motion.

---

[1] It appears that the detective never interviewed Owen. The arresting officer, who had spoken with him, did not testify.

The court imposed a standard range minimum term sentence. Mr. Owen then timely appealed to this court. A panel considered the case without hearing argument.

ANALYSIS

Mr. Owen argues that the evidence is insufficient to support the conviction because none of the evidence tied the "Mike Owen" who dated Ms. Templeman with the defendant before the court. We agree.

Appellate courts review sufficiency of the evidence challenges to determine if there was evidence from which the trier of fact could find each element of the offense proved beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Green*, 94 Wn.2d 216, 221-222, 616 P.2d 628 (1980). The reviewing court will consider the evidence in a light most favorable to the prosecution. *Jackson*, 443 U.S. at 319; *Green*, 94 Wn.2d at 221-222. Reviewing courts also must defer to the trier of fact "on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." *State v. Thomas*, 150 Wn.2d 821, 874-875, 83 P.3d 970 (2004).

Elemental to the proof of every crime in this state is evidence that the accused is the one who committed the offense. *State v. Hill*, 83 Wn.2d 558, 560, 520 P.2d 618 (1974). For instance, the child molestation statute requires proof that "a person"

4

"knowingly" had "sexual contact" with a person younger than 12 years old. RCW

9A.44.083(1).

The leading Washington criminal case on identification is *Hill*. There the court

stated:

> It is axiomatic in criminal trials that the prosecution bears the burden
> of establishing beyond a reasonable doubt the identity of the accused as the
> person who committed the offense. . . . Identity involves a question of fact
> for the jury and any relevant fact, either direct or circumstantial, which
> would convince or tend to convince a person of ordinary judgment, in
> carrying on his everyday affairs, of the identity of a person should be
> received and evaluated.

*Id*. at 560 (citation omitted). The court concluded that testimony that "Jimmy Hill" and

"the defendant" was the responsible party was sufficient to prove identity even in the

absence of in-court identification. *Id*. In particular, the arresting officer's testimony that

"the defendant" was the person observed at the scene and was arrested near the

incriminating evidence proved critical. *Id*.

There was no similar evidence here. No one testified that "the defendant" or "the

accused" was in the courtroom or that Mr. Owen fit either of those roles. No one testified

that Mike Owen was in the courtroom. There was evidence that allowed the jury to

conclude that Ms. Templeman's former friend Mike Owen molested S.C. There simply

was no evidence that the person on trial was that same individual. The evidence was

insufficient to support the verdict.

No. 35722-8-III
*State v. Owen*

Reversed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Siddoway, J.